IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| GABRIEL YASIEL ORTEGA-MORALES,<br><br>*Petitioner*,<br><br>v.<br><br>KRISTI NOEM, Secretary, U.S. Department of Homeland Security, TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement (ICE), MARCOS CHARLES, Acting Executive Associate Director, ICE and Removal Operations, WARDEN, IAH Secure Adult Detention Center, PAMELA BONDI, U.S. Attorney General,<br><br>*respondents*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 9:26-CV-00220<br>JUDGE MICHAEL J. TRUNCALE |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Gabriel Yasiel Ortega-Morales (Ortega-Morales)'s Petition for Writ of Habeas Corpus (the Petition) [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner Gabriel Yasiel Ortega-Morales is a Cuban national. [Dkt. 1 at ¶ 12]. Ortega-Morales is being detained by the United States Immigration and Customs Enforcement (ICE) while awaiting a pending matter before the Board of Immigration Appeals regarding the Cuban Adjustment Act that granted him residency. *Id.* at ¶ 15-16.

On March 20, 2026, Ortega-Morales brought a habeas corpus petition, claiming that his detention violates the Fifth Amendment to the United States Constitution. [Dkt. 1].

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the

Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Due Process

Ortega-Morales argues that the Government violated due process by failing to provide him with a bond hearing before an immigration judge. *See* [Dkt. 1]. Even if Ortega-Morales were correct, he still would not be entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Ortega-Morales's due-process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to provide a bond hearing. *See* [Dkt. 1]. Ortega-Morales's unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Ortega-Morales's due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the *cause of detention*."[1] *See Pierre*, 525 F.2d at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id.*

Here, a properly conducted bond hearing would not invariably result in Ortega-Morales's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the

[1] *See also Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Ortega-Morales's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. If a violation of federal law occurred, it was not by way of Ortega-Morales's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the proper arena for Ortega-Morales to raise a due-process challenge to the Government's failure to afford him a bond hearing. *See Carson*, 112 F.3d at 820–21.

**B. Immigration and Nationality Act**

Ortega-Morales first claims to be unlawfully detained under 8 U.S.C. § 1225(b)(2)(A), which provides for the mandatory detention of "applicants for admission" who are not deemed "clearly and beyond a doubt entitled to be admitted." *See* 8 U.S.C. § 1225(b)(2)(A). Ortega-Morales argues that 8 U.S.C. § 1226(a) applies to cases like his. Under section 1226(a), an alien "may be arrested and detained pending a decision on whether [he] is to be removed from the United States." 8 U.S.C. § 1226(a). The Attorney General has discretion to release or "continue to detain" aliens detained pursuant to section 1226(a). *See id.* § 1226(a)(1)–(2).

Even if Ortega-Morales is correct, and section 1225(b) is inapplicable, section 1226(a) nonetheless permits his continued detention during removal proceedings. *See id.* Section 1226(a) provides that "an alien may be arrested and detained" pending removal proceedings. § 1226(a). The Attorney General "may continue to detain the alien" or decide to release the alien on custody-redetermination. § 1226(a)(1)–(2). Section 1226(a) mentions nothing about custody redeterminations by immigration judges. *See id.* Here, the Attorney General, using her discretion under section 1226(a), has chosen to detain Ortega-Morales pending his removal proceedings. Hence, Ortega-Morales is lawfully detained under the INA, whether or not he receives a custody-redetermination hearing. *See id.*

## IV. CONCLUSION

It is therefore **ORDERED** that Ortega-Morales's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 15th day of August, 2026.**

Michael J. Truncale
United States District Judge